# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHEN JETTON TAYLOR<br>2606 MERCER PLACE<br>Thompsons Station, TN 37179 | LOANCARE |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| James A. Flexer 9447<br>Flexer Law<br>1900 Church Street, Suite 400<br>Nashville, TN 37203<br>(615)- 255-2893 Fax: (615) 242-8849 | |

**PARTY** (Check One Box Only)
[✓] Debtor  [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor  [ ] Other
[ ] Trustee

**PARTY** (Check One Box Only)
[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin
[✓] Creditor  [ ] Other
[ ] Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**COMPLAINT TO DETERMINE EXTENT, PRIORITY, & VALIDITY OF THE LIEN OF LOANCARE**

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law
[ ] Check if this is asserted to be a class action under FRCP 23
[ ] Check if a jury trial is demanded in complaint
Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**STEPHEN JETTON TAYLOR** | | BANKRUPTCY CASE NO.<br>**3:17-bk-04932** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISION OFFICE<br>**3** | NAME OF JUDGE<br>CHARLES M. WALKER |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ James A. Flexer*<br>**James A. Flexer 9447** | | |
| DATE<br>**April 20, 2018** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**James A. Flexer 9447** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | Case No. 3:17-bk-04932 |
| STEPHEN JETTON TAYLOR | Chapter 13 |
| SSN: xxx-xx-1340 | |
| | Judge Charles M. Walker |
| Debtor, | |
| Stephen Jetton Taylor, | |
| Plaintiff, | |
| v. | Adv. Proc. No. _____ |
| Loancare, | |
| Defendant. | |

## COMPLAINT TO DETERMINE THE EXTENT, PRIORITY AND VALIDITY OF THE LIEN OF LOANCARE

COMES NOW the Debtor/Plaintiff (hereinafter the "Debtor"), by and through counsel, pursuant to Fed.R.Bankr.P. § 7001(2) and for cause of action against Defendant, Loancare, (hereinafter the "Defendant"), would state and show the following:

### JURISDICTION AND VENUE

1. Jurisdiction over this cause is proper pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue over this cause is conferred by 28 U.S.C. §§ 1408 and 1409.

3. This cause is a core proceeding and is a Complaint to Determine the Extent, Priority and Validity of the Lien of the Defendant.

## FACTS AND CAUSE OF ACTION

4. The Debtor filed a Chapter 13 bankruptcy proceeding on July 21, 2017, which was assigned case number 3:17-bk-04932. A Chapter 13 Plan was subsequently confirmed on September 14, 2017.

5. The Defendant, Loancare, was listed on the original bankruptcy petition on Schedule D as a creditor holding a mortgage secured claim by a primary deed of trust on the subject property located at 2606 Mercer Place, Thompsons Station, Tennessee, 37179, Williamson County.

6. The Debtor scheduled Defendant for an estimated liability in the amount of $158,700.00 with a continuing monthly payment of $1,137.50 to be paid as Class 4 and a pre-petition arrearage of approximately $6738.32 to be paid in full pro rata with 0% interest as a Class 5 claimant.

7. The Defendant received or should have received notice at their bankruptcy specific address of PO Box 8068, Virginia Beach, VA 23450 and provided an of the opportunity to file a proof of claim in the bankruptcy and notice that the bar date for filing a proof of claim was December 4, 2017.

8. Despite receiving notice of the bankruptcy and opportunity to file a proof of claim, Defendant failed to file a timely proof of claim.

9. On December 13, 2018, the Debtor's counsel filed a proof of claim on behalf of the Defendant Loancare, pursuant to Fed.R.Bankr.P. § 3004. However the Debtor's counsel did not have access to the Note held by Loancare.

10. On January 16, 2018, the Chapter 13 Trustee, Henry Edward Hildebrand III, filed a motion to disallow the proof of claim filed by the Debtor on the grounds that the claim did not comply with 11 U.S.C. § 502(b)(1) or Fed.R.Bankr.P. § 3001.

11. A hearing was scheduled for February 14, 2018.

12. As there was no defense raised by the Defendant to the Trustee's motion to disallow, the Honorable Charles M. Walker signed an order granting the Trustee's Motion to Disallow claim number 8 of Loancare on February 22, 2018.

### DEFENDANT'S LIEN IS VOID PURSUANT TO 11 U.S.C. § 506(d)

13. Pursuant to 11 U.S.C. § 506(d), to the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void, unless such claim was disallowed only under 11 U.S.C. § 502(b)(5) or § 502(e) of this title; or such claim is not an allowed secured claim due only to the failure to any entity to file a proof of claim under Section 501 of this title.

14. The Defendant has failed to provide proof of an allowed secured claim against the Debtor.

15. Said claim that was filed on behalf of the Defendant Loancare was disallowed under 11 U.S.C. § 502(b)(1) and as such, pursuant to 11 U.S.C. § 506(d), the lien of Loancare should be declared void and the lien released.

16. The Defendant has failed to file any motion under Fed.R.Bankr.P. § 3008 to reconsider the disallowance of the claim and, as such, should be estopped at this time from doing so.

17. The Debtor has been adversely impacted by the disallowance of the claim as the money earmarked for the Defendant was remitted to other creditors leaving the Debtor even further behind on his obligation with the Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED** the Debtor demands as follows:

18. That the Debtor be granted permission to file this Complaint, and that proper process issue and Defendants be required to file an Answer within the time allowed under applicable law.

19. That lien of the Defendant, Loancare secured by a primary deed of trust on property located at 2606 Mercer Place, Thompsons Station, Tennessee, 37179, Williamson County, shall be declared void pursuant to United States Bankruptcy Code § 506(d) and the lien shall be released or, in the alternative, that the account be deemed current and the default cured.

20. That the Law Offices of James A. Flexer, attorney for the Plaintiff, be allowed to submit an application for additional attorney fees in the Debtor's associated Chapter 13 case for the prosecution of this matter, as it is beneficial to the Bankruptcy Estate and the creditors in the Debtor's Chapter 13 bankruptcy.

21. The Debtor further prays for other general relief as deemed just by the Court.

Respectfully submitted,
/s/ *James A. Flexer*
James A. Flexer, BPR #9447
Attorney for Debtor
Law Offices of James A. Flexer
1900 Church Street, Ste. 400
Nashville, TN 37203
(615) 255-2893
Email: cm-ecf@jamesflexerconsumerlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on 4/20/2018, I furnished a true and correct copy of the foregoing to the following parties in interest (additional notice sent via electronic mail to Trustee and U.S. Trustee):

| | |
|---|---|
| Henry E. Hildebrand, III<br>Chapter 13 Trustee, P.O. Box 190664<br>Nashville, TN 37219-0664 | Electronic |
| Samuel K. Crocker, U.S. Trustee<br>318 Customs House, 701 Broadway<br>Nashville, TN 37203 | Electronic |
| Stephen Taylor<br>2606 Mercer Place<br>Thompsons Station, TN 37179 | U.S. mail first class |
| CT Corporation System<br>Registered Agent, Loancare<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |
| Dave Worrall<br>President of Loancare<br>3637 Sentara Way<br>Virginia Beach, VA 23452 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |
| Loancare<br>Attn: April Johnson<br>601 Riverside Ave.<br>Jacksonville, FL 32204 | U.S. mail first class |
| Loancare<br>PO Box 8068<br>Virginia Beach, VA 23450 | U.S. mail first class |

I have sent out 7 notices. I have mailed 5 notices.

/s/ James A. Flexer
James A. Flexer