IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>STEPHEN JETTON TAYLOR,<br><br>    Debtor. | Case No. 3:17-bk-04932<br>Chapter 13<br>Judge Walker |
| STEPHEN JETTON TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>LOANCARE,<br><br>    Defendant. | Adversary No. 3:18-ap-90060 |

**JOINT PRETRIAL STATEMENT**

COME NOW, LoanCare, LLC and Stephen Jetton Taylor, and hereby file this Joint Pretrial Statement.

**FOR PLAINTIFF**

**A brief statement of each claim or cause of action.**

1. Defendant's lien is void pursuant to 11 U.S.C. §506(d) since Defendant's claim was disallowed.

2. Defendant has failed to prove that they are the holder of the claim and that they have a legal right to enforce the note.

3. Defendant should be estopped from being able to collect upon any payments which they would have received through the Chapter 13 plan.

1

**A brief summary of plaintiff's contentions of fact.**

4.      The Debtor filed a proof of claim on behalf of the Defendant pursuant to Federal Rules of Bankruptcy Procedure Rule 3004.

5.      The Chapter 13 Trustee filed a Motion to Disallow the claim for the failure of the claim to comply with 11 U.S.C. §502(b)(1) of Fed. R. Bankr.P. 3001.

6.      Defendant failed to answer or appear to set forth requisite proof of their entitlement to be paid pursuant to the claim and as such, the claim was disallowed.

7.      The Defendant did not attempt to reconsider the disallowance of the claim.

8.      The money that was earmarked for the Defendant was then distributed to the unsecured creditors which paid off the case at a 100 percent dividend.

9.      The Defendant continues to assert a lien upon the Debtor's real property.

## FOR DEFENDANT

**1.    A brief statement of each defense.**

   a. The Plaintiff's Complaint fails to state a claim upon which relief can be granted because there is no allegation that the subject deed of trust is invalid in substance. *See Oudomsouk v. Bank of Am., N.A. (In re Oudomsouk)*, 483 B.R. 502, 510-11 (Bankr. M.D. Tenn. 2012).

   b. The relief sought by the Debtor is barred by the doctrine of unclean hands.

   c. The relief sought by the Debtor is barred by ratification/affirmation.

   d. The Plaintiff has failed to name a necessary party.

**2.    A brief summary of defendant's contentions of fact in support of each defense and the evidence to be relied upon to establish those facts.**

In this case, the Plaintiff/Debtor is seeking to void a deed of trust held by Lakeview Loan Servicing, LLC (serviced by LoanCare, LLC). Lakeview did not file a proof of claim in the main bankruptcy case. Instead, the Debtor filed a skeletal proof of claim (in the name of LoanCare) and failed to attach even the most basic information, such as a publicly available copy of the recorded deed of trust. The Chapter 13 Trustee moved to disallow the claim on the basis that a copy of the promissory note and deed of trust were not attached. No party objected, and an order was entered disallowing the claim on February 20, 2018 (amended on February 22).

No party appears to dispute that a valid note and deed of trust exists. On April 26, 2011, the Plaintiff obtained a loan from PHH Mortgage Corporation in the amount of $148,520.00. This loan was secured by a deed of trust for the property at 2606 Mercer Place, Thompsons Station, TN 37179. The deed of trust is recorded at Deed Book 5310, Page 96, Williamson County Register's Office, and was assigned to Lakeview Loan Servicing, LLC via assignment recorded in Deed Book 7006, Page 99. In situations where there is no substantive defect in the deed of trust, there is no basis for voiding the lien. *See Oudomsouk v. Bank of Am., N.A. (In re Oudomsouk)*, 483 B.R. 502, 510-11 (Bankr. M.D. Tenn. 2012).

## FOR ALL PARTIES

**1.    A statement of all admitted or uncontested facts.**

a.    On April 26, 2011, the Plaintiff obtained a loan from PHH Mortgage Corporation in the amount of $148,520.00 (the "Loan").

b.    The Loan is secured by a deed of trust for the property at 2606 Mercer Place, Thompsons Station, TN 37179. The deed of trust is recorded at Deed Book 5310, Page 96, Williamson County Register's Office, and was assigned to Lakeview Loan Servicing, LLC via assignment recorded in Deed Book 7006, Page 99.

c. On December 13, 2017, the Plaintiff filed a proof of claim on behalf of LoanCare, LLC (incorrectly stated in the claim as Loancare, Inc.) (the "Proof of Claim").

d. On January 16, 2018, the Chapter 13 Trustee moved to disallow the Proof of Claim.

e. On February 20, 2018, the Court issued an Order granting the Trustee's Motion to Disallow, with an amended order being entered on February 22, 2018.

**2. Each party's brief statement of contested facts.**

**a. Plaintiff**

None

**b. Defendant**

i. None

**3. Each party's brief statement of contested legal issues.**

**a. Plaintiff**

i. Whether Defendant hold a valid lien against the Debtor's real property?

ii. Whether the Defendant's lien is void pursuant to 11 U.S.C. §506(d) as a result of the disallowance of their claim?

iii. If the lien of the Defendant is not void, has the Defendant forfeited their right to any payments which would have been received through the Chapter 13?

**b. Defendant**

i. Whether a lien can be deemed void under 11 U.S.C. § 506(d) due to a proof of claim being disallowed when there is no substantive defect in the lien.

This 15th day of October, 2018.

                                             */s/ Bret J. Chaness*
                                             BRET J. CHANESS (BPR # 31643)
                                             **RUBIN LUBLIN TN, PLLC**
                                             3145 Avalon Ridge Place, Suite 100
                                             Peachtree Corners, GA 30071
                                             (678) 281-2730 (Telephone)
                                             (404) 921-9016 (Facsimile)
                                             bchaness@rubinlublin.com

                                             *Attorney for LoanCare, LLC*


                                             /s/ *Daniel Castagna*
                                             Daniel Castagna (BPR 22721)
                                             Flexer Law PLLC
                                             1900 Church St Ste 400
                                             Nashville, TN 37203
                                             (615) 255-2893 (Phone)
                                             (615) 242-8849 (Fax)
                                             dan@flexerlaw.com

                                             Attorney for Debtor