IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>STEPHEN JETTON TAYLOR,<br><br>    Debtor. | Case No. 3:17-bk-04932<br>Chapter 13<br>Judge Walker |
| STEPHEN JETTON TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>LOANCARE,<br><br>    Defendant. | Adversary No. 3:18-ap-90060 |

**LOANCARE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

COME NOW, LoanCare, LLC and files this Memorandum of Law in Support of its Motion for Summary Judgment, respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

On April 26, 2011, Debtor Stephen Jetton Taylor (the "Debtor") obtained a mortgage loan from PHH Mortgage Corporation ("PHH") in the original principal amount of $148,520.00. As evidence of this debt, the Debtor executed a promissory note in favor of PHH (the "Note"). (Statement of Undisputed Facts, ¶ 1). To secure repayment of the Note, the Debtor and his wife Kimberly L. Taylor conveyed the property located at 2606 Mercer Place, Thompsons Station, TN 37179 via deed of trust to Larry N. Westbrook, Esq. as Trustee for PHH (the "Deed of Trust"). The Deed of Trust was recorded on May 6, 2011, in Book 5310, Page 96, Register's

1

Office of Williamson County, Tennessee. *Id.* at ¶ 2. The Note is currently in the possession of the undersigned, on behalf of LoanCare, as servicer for Lakeview Loan Servicing, LLC. *Id.* at ¶ 12.

The Debtor filed a voluntary bankruptcy petition on July 21, 2017 (the "Petition"). *Id.* at ¶ 3. In the Petition, the Debtor scheduled LoanCare as the holder of a secured claim, secured by the Deed of Trust. *Id.* at ¶ 4. LoanCare did not file a proof of claim before the bar date of December 4, 2017. *Id.* at ¶ 5. On December 13, 2018, the Debtor – through counsel – filed a proof of claim on behalf of LoanCare (the "Proof of Claim"). *Id.* at ¶ 6.

On January 16, 2018, the Chapter 13 Trustee filed a Motion to Disallow the Proof of Claim (the "Motion to Disallow") for the following reasons:

> The mortgage note and deed of trust were not included with the proof of claim. Without such documentation, any asserted security interest in the real property of the debtor is unenforceable and the secured claim should be disallowed under 11 U.S.C. § 502(b)(1). Claim 8 also fails to comply with Rule 3001(c). Rule 3001(c) requires that when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. Therefore, without the Note, Claim 8 is not enforceable and should be disallowed.

*Id.* at ¶ 7.

The Motion to Disallow was served on LoanCare – a limited liability company, *id.* at ¶ 9 – by mailing the Motion to Disallow via U.S. first class mail as follows:

LoanCare, Inc., P.O. Box 8068, Virginia Beach, VA 23450

LoanCare, Inc., Attn: Officer, Managing or General Agent, 3637 Sentra Way, Virginia Beach, VA 23452.

*Id.* at ¶ 8.

No response was filed to the Motion to Disallow and no appearance made by LoanCare at the hearing on the Motion to Disallow, and as a result, the Motion to Disallow was granted. *Id.* at

¶ 9. On February 20, 2018, this Court entered an Order granting the Motion to Disallow, noting that "[b]ased upon the evidence submitted by the Trustee, the Court funds that the proof of claim does not document the power of the servicer to enforce the claim in that it does not contain a mortgage note or deed of trust." *Id.* at ¶ 11 (quoting [Bk. Doc. 37]). On February 22, and Amended Order was entered, containing the same language. *Id.*

On April 20, 2018, the Debtor filed this adversary proceeding to have the Deed of Trust declared void. *See* [Adv. Doc. 1]. The Plaintiff contends that the "claim that was filed on behalf of the Defendant Loancare was disallowed under 11 U.S.C. § 502(b)(1) and as such, pursuant to 11 U.S.C. § 506(d), the lien of Loancare should be declared void and the lien released." *Id.* at ¶ 15. He also contends that "[t]he Defendant has failed to provide proof of an allowed secured claim against the Debtor." *Id.* at ¶ 14. However, the Debtor is not entitled to the relief he is seeking.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    STANDARD OF REVIEW**

Fed. R. Civ. P. 56 provides that a defending party "may, at any time, move with or without supporting affidavits for a summary judgment in the parties' favor as to all or any part [of a claim filed against that party]." A party is entitled to have a judgment in its favor "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "If the nonmoving party fails to make a sufficient showing on an essential element with respect to which it has the burden of proof, the moving party is entitled to summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986).

Although the moving party has the initial burden of showing the absence of a genuine issue of material fact, *id.*, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)[,]" *Davidson & Jones Development Co. v. Elmore Development Co.*, 921 F.2d 1343, 1349 (6th Cir. 1991).

B.  **THE ORDER DISALLOWING THE CLAIM IS VOID DUE TO INSUFFICIENT SERVICE**

The Debtor's sole cause of action in this matter rests on the fact that the Proof of Claim was disallowed. However, the Motion to Disallow was not properly served on LoanCare, and as such, the resulting order is void. *See In re Fusco*, No, 08-8028, 2008 WL 4298584, at *4, 397 B.R. 544 (table decision) (B.A.P. 6th Cir. 2008) (collecting cases) (if service of process if insufficient, then resulting order is void). An objection to a proof of claim is a contested matter, *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 n.8 (6th Cir. 1989), and service is contested matters is governed by Fed. R. Bankr. P. 7004. *See* Fed. R. Bankr. P. 9014(b).

As a limited liability company, if LoanCare is to be served via first class mail, it must be addressed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process . . . ." Fed. R. Bankr. P. 7004(b)(3). Courts have held that service must be addressed to a specific individual by name, rather than a generic title, for service to be proper. *In re Pittman Mech. Contractors, Inc.*, 180 B.R. 453 (Bankr. E.D. Va. 1995); *In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993); *In re Carlo*, 392 B.R. 920, 921-22 (Bankr. S.D. Fla. 2008). Although there is some disagreement among the Courts with other decisions holding the opposite, *see, e.g., In re Tudor*, 282 B.R. 548 (Bankr. S.D. Ga. 2002), LoanCare asserts that service must be directed to a specific individual for service to be proper.

As the *Schoon* and *Carlo* courts noted, "nationwide service of process by first class mail is a rare privilege . . . it is not to be abused or taken lightly." *Carlo*, 392 B.R. at 921 (quoting *Schoon*, 153 B.R. at 48). Here, the Trustee simply addressed service to LoanCare, Inc. (not even the proper name, as it is an LLC), to the attention of an unidentified "Officer, Managing or General Agent." "Allowing service in [this] manner makes a joke of the requirement that an officer be served; it takes no more work, just an additional line on the envelope." *Schoon*, 153 B.R. at 48. In fact, one could imagine a mail room being extremely confused with where to direct such a piece of mail. It would have taken minimal effort to identify LoanCare's registered agent, as it is on file with the Tennessee Secretary of State. The Trustee was required to serve an identified individual and failed to do so. This Court should find that the order disallowing the Proof of Claim is void for insufficient service of process. Such a finding would render the remainder of the case moot, as it is dependent on the claim being disallowed.

C.   **THE PLAINTIFF CANNOT VOID THE DEED OF TRUST**

Even if service of the Motion to Disallow was proper, the Debtor still cannot obtain the relief he is seeking. As noted above, he contends that the Deed of Trust is void because LoanCare did not "provide proof of an allowed secured claim against the Debtor" and because the Debtor's own claim, filed on behalf of LoanCare, was disallowed, that the Deed of Trust "should be declared void and the lien released." [Adv. Doc. 1] at ¶¶ 14-15. In other words, the Debtor has manufactured a situation in which he filed a skeletal claim that he undoubtedly knew the Trustee would move to disallow, and now that it has been disallowed, wants to be rewarded for such actions by obtaining a free house. This is not the purpose of the bankruptcy code.

A nearly identical situation came before this Court in 2012 in *Oudomsouk v. Bank of Am., N.A. (In re Oudomsouk)*, 483 B.R. 502 (Bankr. M.D. Tenn. 2012).[1] In that case, the Debtor scheduled a secured mortgage debt to Bank of America and provided treatment in their plan for payments to Bank of America, but Bank of America did not file a proof of claim by the bar date. *Id.* at 505-06. After the bar date, the Debtors' attorney filed two proofs of claim (for the same debt). on behalf of Bank of America, but "[n]either proof of claim reflected a loan number or any information that would allow a creditor to link the proof of claim to a particular debt. Neither listed the principal amount of the debt, and there was no supporting documentation whatsoever with either claim." *Id.* The Chapter 13 Trustee objected to the claims, and neither the Debtors nor Bank of America responded. *Id.* at 506. As a result, the claims were disallowed through this Court's negative notice procedure. *Id.* Thereafter, the Debtors and Bank of America entered an agreed order to temporarily hold funds earmarked for Bank of America pending resolution of a forthcoming adversary proceeding. *Id.*

Following disallowance, the Debtors filed an identical adversary to the instant case, "and alleged that, because the claim had been disallowed, the lien should be void, citing 11 U.S.C. § 506(d)." *Id.* at 507. Judge Mashburn first noted that the Bankruptcy Code had long allowed secured creditors to not participate in bankruptcy proceedings and their liens would be unaffected. *Id.* at 509. Thus, he had to consider the question: "[H]ow can BOA have the right to 'sit out' and allow its lien to ride through bankruptcy unscathed under *Dewsnup*, but at the same time be required to participate in a bankruptcy proceeding in order to avoid lien avoidance under § 506(d)(2)?" *Id.* at 510. After surveying case law from the Fourth, Seventh, and Eighth Circuits, Judge Mashburn noted that those circuits do not allow a lien to be voided "where the

---

[1] It must be noted that the Debtor here and the Debtors in *Oudomsouk* were represented by the same law firm.

disallowance of the respective claims was not on the merits – that is, as those courts said, the disallowance was not based on a determination of the validity of the claims 'in substance.'" *Id.* at 511 (citing *In re Hamlett*, 322 F.3d 342 (4th Cir. 2003); *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984); *In re Be-Mac Transport Co., Inc.*, 83 F.3d 1020 (8th Cir. 1996)).

While this Court appeared to <u>strongly</u> agree with the holdings in *Hamlett*, *Tarnow*, and *Be-Mac*, it did not reach an actual holding on the question. Instead, it noted that both the Debtor and Bank of America agreed that Bank of America had a secured claim and that the matter was before the Court only because of "odd posturing" by the parties.

> First, the Debtors' efforts were abnormally constrained—with no effort to include minimal information already available in the bankruptcy filings, no effort to pursue other potentially available information, and no effort to respond to the Trustee's objection to the claim. Second, BOA failed to take advantage of the many avenues available to fix the problem. Once its claim was objected to, BOA clearly possessed the knowledge and capability to provide supporting documentation to the proof of claim or otherwise respond to the Trustee's objection. In fact, BOA attached the Note and Deed of Trust to its Amended Answer in this adversary proceeding—so the documents were clearly available. BOA could have sought withdrawal of the proof of claim pursuant to Fed. R. Bankr. P. 3006; it could have sought to amend the claim, or could have provided the information to the Debtors to amend; it could have shown proof of perfection to the Trustee prior to the claim being disallowed; and, of course, it could have asked for reconsideration before the Debtors filed this adversary proceeding. BOA chose to do absolutely nothing other than defend the adversary proceeding in a manner slanted toward inviting legal precedent rather than focusing on payment of the debt owed by these Debtors.

*Id.* at 512–13.

Because of that posture, this Court *sua sponte* reconsidered disallowance of the claim and allowed it. *Id.* at 514-15. However, such a result is not possible in this case because the Debtor here completed his plan just 12 days after this adversary was filed and was granted a discharge on June 6, 2018. On the contrary, the Debtors in *Oudomsouk* and Bank of America had over eight months to resolve their issues between the claim disallowance order and filing of the

adversary. *See id.* at 505-06 (claim disallowed on October 5, 2011, agreed order holding funds entered January 9, 2012, adversary filed June 16, 2012). The docket in *Oudomsouk* also reveals that the plan was not completed, nor a discharge granted during this time frame. Thus, a holding is necessary in this case.

There is no principled reason to stray from Judge Mashburn's analysis, and no known case law which has disapproved of the reasoning from *Hamlett*, *Tarnow*, and *Be-Mac*. Moreover, the district court has since approved of this reasoning, holding that a lien cannot be avoided unless it was disallowed due to a substantive defect. *Shoemake v. SN Servicing Corp.*, 586 B.R. 741 (M.D. Tenn. 2018) (Crenshaw, C.J.). Other courts around the country have similarly approved of the *Oudomsouk* reasoning. *See Kohout v. Nationstar Mortg., LLC*, 576 B.R. 290 (N.D.N.Y. 2017); *In re Wears*, No. 12-60477, 2015 WL 3369146, at *2 (Bankr. N.D. Ohio May 22, 2015) (citing *Oudomsouk*, 483 B.R. at 507; *Shelton v. CitiMortgage, Inc. (In re Shelton)*, 735 F.3d 747 (8th Cir. 2013); *In re Pajian*, 785 F.3d 1161 (7th Cir. 2015)).

Here, the order disallowing the Proof of Claim noted that the claim was disallowed solely due to the Debtor's failure to attach supporting documentation to the Proof of Claim. (Statement of Undisputed Facts, ¶ 11) "Lack of the proof of claim documentation required by Rule 3001(c), which is a procedure rule, is not a *substantive* ground for disallowing a claim." *Shoemake*, 586 B.R. at 744 (citations omitted) (emphasis in original). Thus, because the Proof of Claim was disallowed in the instant case for procedural reasons only, the Deed of Trust cannot be voided and judgment must be granted in favor of LoanCare.

D.     **STANDING TO ENFORCE THE DEED OF TRUST IS NOT AT ISSUE**

Lastly, while LoanCare asserts that such an allegation is not part of potential lien avoidance under Section 506, it must be noted that the Debtor asserted that "Defendant has failed

8

Case 3:18-ap-90060    Doc 22    Filed 04/22/19    Entered 04/22/19 15:10:59    Desc Main
Document     Page 8 of 9

to provide proof of an allowed secured claim against the Debtor." [Adv. Doc. 1] at ¶ 14. However, it has been proven through this Motion that LoanCare is in possession of the Note (endorsed in blank), as servicer for Lakeview Loan Servicing, LLC. Possession of the note endorsed in blank gives the party in possession the right to enforce the note and corresponding deed of trust. *Malin v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-554, 2013 WL 3423822, at *9 (E.D. Tenn. July 8, 2013) (citing *Devoe v. Nationwide Tr. Servs., Inc.*, No. 3:09-CV-291, 2012 WL 1565436, at *3 (E.D. Tenn. May 1, 2012)). Thus, the Debtor cannot complain about the failure to provide proof of a secured claim, and any claim in this case based on such a premise is without merit.

## CONCLUSION

Based on the foregoing, LoanCare respectfully requests that this Court grant its Motion for Summary Judgment.

Respectfully submitted, this 22nd day of April, 2019.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for LoanCare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2019, I caused a copy of the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)