IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>STEPHEN JETTON TAYLOR,<br><br>    Debtor. | Case No. 3:17-bk-04932<br>Chapter 13<br>Judge Walker |
| STEPHEN JETTON TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>LOANCARE,<br><br>    Defendant. | Adversary No. 3:18-ap-90060 |

**DEBTOR'S RESPONSE TO LOANCARE, LLC'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, The Debtor, by and through Counsel, and files this response to the Statement of Undisputed Facts filed by Loancare LLC in Support of its Motion for Summary Judgment, respectfully showing this Honorable Court as follows:

1. On April 26, 2011, Debtor Stephen Jetton Taylor (the "Debtor") obtained a mortgage loan from PHH Mortgage Corporation ("PHH") in the original principal amount of $148,520.00. As evidence of this debt, the Debtor executed a promissory note in favor of PHH (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit "A"**.

    **Response:**

    **The Debtor admits that he obtained the loan and executed a promissory note. The Debtor can neither admit nor deny that the Note attached to the Defendant's**

1

**Summary Judgment Motion is a true and correct copy of the Note. The Defendant should be precluded from presenting Exhibit "A" pursuant to Fed. R. Bankr.P. 3001(c)(2)(D)(i) for failure to comply with Fed. R. Bankr.P. 3001.**

2. To secure repayment of the Note, the Debtor and his wife Kimberly L. Taylor conveyed the property located at 2606 Mercer Place, Thompsons Station, TN 37179 via deed of trust to Larry N. Westbrook, Esq. as Trustee for Mortgage Electronic Registration Systems, Inc., as nominee for PHH, its successors and assigns (the "Deed of Trust"). The Deed of Trust was recorded on May 6, 2011, in Book 5310, Page 96, Register's Office of Williamson County, Tennessee. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "B"**. *See also* [Adv. Doc. 1] at ¶ 5; [Adv. Doc. 4] at ¶ 5.[1]

**Response:**

**The Debtor admits that these statements are true. The Debtor hereby requests that Defendant be precluded from presenting Exhibit "B" pursuant to Fed. R. Bankr.P. 3001(c)(2)(D)(i) for failure to comply with Fed. R. Bankr.P. 3001.**

3. The Debtor filed a voluntary bankruptcy petition on July 21, 2017 (the "Petition"). [Adv. Doc. 1] at ¶ 4; [Adv. Doc. 4] at ¶ 4.

**Response:**

**The Debtor admits that this statement is true.**

4. In the Petition, the Debtor scheduled LoanCare as the holder of a secured claim, secured by the Deed of Trust. [Adv. Doc. 1] at ¶ 5; [Adv. Doc. 4] at ¶ 5.

**Response:**

---

[1] "Adv. Doc" refers to docket entries in the adversary, while "Bk. Doc." Refers to docket entries in the main bankruptcy case.

2

**The Debtor admits this statement is true.**

5. LoanCare did not file a proof of claim before the bar date of December 4, 2017. [Adv. Doc. 1] at ¶¶ 7-8; [Adv. Doc. 4] at ¶¶ 7-8.

**Response:**

**The Debtor admits this statement is true.**

6. On December 13, 2018, the Debtor – through counsel – filed a proof of claim on behalf of LoanCare (the "Proof of Claim"). [Adv. Doc. 1] at ¶ 9; [Adv. Doc. 4] at ¶ 9; *see also* [Claim No. 8].

**Response:**

**The Debtor admits this statement is true.**

7. On January 16, 2018, the Chapter 13 Trustee filed a Motion to Disallow the Proof of Claim (the "Motion to Disallow") for the following reasons:

> The mortgage note and deed of trust were not included with the proof of claim. Without such documentation, any asserted security interest in the real property of the debtor is unenforceable and the secured claim should be disallowed under 11 U.S.C. § 502(b)(1). Claim 8 also fails to comply with Rule 3001(c). Rule 3001(c) requires that when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. Therefore, without the Note, Claim 8 is not enforceable and should be disallowed.

[Bk. Doc. 32]; *see also* [Adv. Doc. 1] at ¶ 10; [Adv. Doc. 4] at ¶ 10.

**Response:**

**The Debtor admits this statement is true.**

8. The Motion to Disallow was served on LoanCare by mailing the Motion to Disallow via U.S. first class mail as follows:

LoanCare, Inc., P.O. Box 8068, Virginia Beach, VA 23450

3

LoanCare, Inc., Attn: Officer, Managing or General Agent, 3637 Sentra Way, Virginia Beach, VA 23452.

[Bk. Doc. 32] at p. 3.

**Response:**

**The Debtor admits this statement is true.**

9. LoanCare is a limited liability company organized under the laws of Virginia. A true and correct copy of the Tennessee Secretary of State's Record on LoanCare is attached hereto as **Exhibit "C"**.

**Response:**

**The Debtor can neither admit nor deny this statement to be true.**

10. No response was filed to the Motion to Disallow and no appearance made by LoanCare at the hearing on the Motion to Disallow, and as a result, the Motion to Disallow was granted. [Bk. Doc. 38]; *see also* [Adv. Doc. 1] at ¶ 12; [Adv. Doc. 4] at ¶ 12.

**Response:**

**The Debtor admits this statement is true. The Debtor does not admit that the Motion to Disallow was granted only because the Defendant failed to appear.**

11. On February 20, 2018, this Court entered an Order granting the Motion to Disallow, noting that "[b]ased upon the evidence submitted by the Trustee, the Court funds that the proof of claim does not document the power of the servicer to enforce the claim in that it does not contain

4

Case 3:18-ap-90060  Doc 24  Filed 05/06/19  Entered 05/06/19 15:47:59  Desc Main
Document      Page 4 of 6

a mortgage note or deed of trust." [Bk. Doc. 37]. On February 22, and Amended Order was entered, containing the same language. [Bk. Doc. 38].

**Response:**

**The Debtor admits these statements are true.**

12.     The Note is currently endorsed in blank and in the possession of the undersigned, on behalf of LoanCare, as servicer for Lakeview Loan Servicing, LLC. *See* Affidavit of Bret Chaness, attached hereto as **Exhibit "D"**.

**Response:**


**The Debtor admits that the copy of the Note attached to the Defendant's Summary Judgment motion is endorsed in blank. The Debtor can neither admit nor deny that the note is in the possession of the Defendant's counsel.**


Respectfully submitted, this 22nd day of April, 2019.

*/s/ Daniel T. Castagna*
Daniel T. Castagna, BPR 022721
Attorney for Debtor
Flexer Law PLLC
1900 Church Street. Ste. 400
Nashville, TN 37203
(615) 255-2893 (Telephone)
(615) 242-8849 (Facsimile)
cm-ecf@jamesflexerconsumerlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on 5/6/2019, I furnished a true and correct copy of the foregoing to the following parties in interest (additional notice sent via electronic mail to Trustee and U.S. Trustee):

| | |
|---|---|
| Henry E. Hildebrand, III<br>Chapter 13 Trustee, P.O. Box 190664<br>Nashville, TN 37219-0664 | Electronic |
| U.S. Trustee<br>318 Customs House, 701 Broadway<br>Nashville, TN 37203 | Electronic |
| Stephen Taylor<br>2606 Mercer Place<br>Thompsons Station, TN 37179 | U.S. mail first class |
| Bret Chaness<br>Attorney for Defendant<br>Rubin Lublin TN, PLLC<br>3145 Avalon Ridge Place. Ste. 100<br>Peachtree Corners, GA 30071 | U.S. mail first class |

I have sent out 4 notices. I have mailed 2 notices.

*/s/ Daniel T. Castagna*
Daniel T. Castagna