IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: } | |
| } | Case No. 3:17-bk-04932 |
| STEPHEN JETTON TAYLOR } | Chapter 13 |
| SSN: xxx-xx-1340 } | |
| } | Judge Charles M. Walker |
| } | |
| Debtor, } | |
| } | |
| Stephen Jetton Taylor, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Adv. Proc. No. 3:18-ap-90060 |
| } | |
| } | |
| Loancare, } | |
| } | |
| Defendant. } | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO LOANCARE'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Debtor/Plaintiff Stephen Jetton Taylor, (hereinafter "Debtor") and respectfully submits this brief in opposition to Loancare's (hereinafter "Defendant") Motion for Summary Judgment. Based upon the following, the Debtor submits that there do exist genuine issues of material facs that are sufficient to allow this matter to proceed to the discovery phase and would request that summary judgment be denied as to the Defendant.

**I.    INTRODUCTION AND SUMMARY OF MATERIAL FACTS**

On April 26, 2011, the Debtor/Plaintiff and his non-filing spouse purchased real property located at 2606 Mercer Place, Thompsons Station, TN 37179 (hereinafter, "real property") and took out a loan with PHH Mortgage Corporation to finance the purchase. The Debtor subsequently filed for Chapter 13 bankruptcy on July 21, 2017. In the

Case 3:18-ap-90060    Doc 25    Filed 05/06/19    Entered 05/06/19 15:50:18    Desc Main
Document    Page 1 of 16

Chapter 13 petition, the Debtor scheduled a debt with the Defendant secured by the real property in the amount of $158,700.00. The Debtor's plan was confirmed on September 14, 2017. Pursuant to the terms of the Confirmed Plan, the Defendant would be paid a continuing monthly payment of $1,137.50 and the pre-petition arrearage of approximately $6,738.32 would be paid in full with 0% interest, upon the filing of a proof of claim by the Defendant.

The Defendant was provided notice at its bankruptcy specific address as stated on the Debtor's credit report and was given an opportunity to file a claim. When the claims bar date passed on December 4, 2017, the Defendant had not filed a proof of claim. Pursuant to Fed. R. Bankr.P. 3004, Debtor's counsel filed a proof of claim on the Defendant's behalf. The Chapter 13 Trustee subsequently moved to disallow the proof of claim filed by Debtor's counsel, on the grounds that the claim did not comply with 11 U.S.C. §502(b)(1) or Fed. R. Bankr.P. 3001. The Defendant failed to respond to the Trustee's motion to disallow the claim filed by Debtor's counsel. Notice of a hearing on the Trustee's motion was served on the Defendant on January 18, 2018, and the hearing took place on February 14, 2018. Despite receiving notice of the hearing, the Defendant failed to show up for the hearing. The Debtor was not in the position to bring opposition, as the Debtor was not in possession of the Note. Therefore, the proof of claim was disallowed on February 22, 2018. Upon the disallowance of the proof of claim, the Debtor filed the instant adversary proceeding on April 20, 2018.

Upon the disallowance of the claim, the funds that had been earmarked for the Defendant pursuant to the confirmed Chapter 13 plan were sent to the Debtor's other creditors. As such, the Debtor completed his plan by paying 100% to his unsecured

creditors. The Trustee submitted the Notice of Completion on May 2, 2018, and the Debtor received his discharge on June 6, 2018.

The Debtor is now in a position where his mortgage was not paid by the Chapter 13 Trustee, and the Defendant claims that the Debtor's mortgage has a significant arrearage and has threatened foreclosure. The instant Adversary Complaint seeks to determine the extent, priority, and validity of the Defendant's lien, and sets forth that the Defendant's lien is void pursuant to 11 U.S.C. § 506(d). The Defendant has filed for summary judgment, stating that the Defendant was not properly served the Trustee's Motion to Disallow its claim and also that the Debtor/Plaintiff cannot void the deed of trust. The Defendant further mistakenly asserts that standing to enforce the Deed of Trust is not at issue. The Debtor, herein, will establish that there are genuine issues of fact that still exist such that disposing of this case on summary judgment is improper.

## II. ARGUMENT AND LEGAL AUTHORITY

### A. Summary Judgment Standard

In order for summary judgment to be appropriate, there should be no genuine issue as to any of the material facts of the case. Courts must view the evidence, all of the facts and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The nonmoving party (in this case the Debtor), must set forth specific facts showing that there is a genuine issue for trial, and summary judgment would only be appropriate if the Debtor fails to make a showing of sufficient evidence to establish an essential element of his case. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court is not to make a determination at

this stage as to the truth of the matter, but only whether there is a genuine issue for trial. *Browning v. Levy*, 283 F. 3d 761, 769 (6th Cir. 2002), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### B. The Trustee's Motion to Disallow the Claim was Properly Served

The Defendant has argued that the disallowance of its claim is improper because Loancare was not properly served a copy of the Motion to Disallow its claim. According to Fed. R. Bankr.P. 7004(b)(3), made applicable here by Rule 9014(b):

> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)—(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows: Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, *by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent*, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

(emphasis added).

The Chapter 13 Trustee filed the Motion to Disallow the claim of the Defendant on January 16, 2018. The motion was filed pursuant to Fed. R. Bankr.P. 9014. The motion was served on January 16, 2018 to all interested parties, including the Debtor, Debtor's attorney, and to Loancare at the address used on the Debtor's bankruptcy petition, as well as the physical location of Loancare, to the attention of "Officer, Managing or General Agent."

The Defendant argues that notice was improper because it was not served upon a specific individual, but rather was directed to the "Officer, Managing or General Agent." The Defendant has not argued in its motion that it failed to receive actual notice, or that it was unaware of the bankruptcy or the motion to disallow their claim. However, the Defendant states that the mail room would be "extremely confused with where to direct

such a piece of mail." (Loancare, LLC's Memo in Support of Summary Judgment, Section B). In the case *In re Riverchase Apartments*, 184 B.R. 35 (Bankr. M.D. Tenn. 1993), Judge George Paine states, "A creditor may choose to organize its business by dividing activities into various departments, but it may not use that method of operation as a shield against notice properly sent to the creditor in its name and place of business." (*citing In re Worthing*, 24 B.R. 774, 776 (Bankr. D. Conn. 1982). Further, Judge Paine opines that the debtor is not required to conduct an extended search for creditors and their addresses, but notice must be "reasonably calculated to apprise the creditor of the pendency of the bankruptcy proceeding and give the creditor an opportunity to object or otherwise respond." *Id.* at 39.

In the case of *In re C.V.H. Transport, Inc*., 254 B.R. 331 (Bankr. M.D. Pa. 2000), the court reviewed the advisory committee notes for the prior Bankruptcy Rule 704(c), which is almost indistinguishable from the current Rule 7004(b), and the advisory notes state that notice *can* use a reference to a position or title. *Id*. at 333. Furthermore, the 1999 advisory committee revisited the issue and concluded that "requiring parties to name an officer, director, or managing agent would create more problems than it would solve." *Id*. Therefore, addressing an officer or agent by title was sufficient. *Id*. at 334. *See also*, *In re Tudor*, 282 B.R. 546, 550 (Bankr. S.D. Ga. 2002) (holding that mailing notice to the attention of "managing agent" was sufficient service under 7004(b)(3)); *In re Outboard Marine Corp.*, 359 B.R. 893 (Bankr. N.D. Ill. 2007) (addressing mail to title is sufficient; reference to named individual is not required).

Most applicable to the issue at hand is a 2008 case from the Bankruptcy Appellate Panel of the Sixth Circuit. *In re Fusco*, No. 08-8028, 2008 WL 4298584, 397 B.R. 544

(B.A.P. 6th Cir. 2008). The *Fusco* case reviewed a potential notice issue where a motion to sell property free and clear of liens had not been served upon the mortgage creditor by mailing directed to an officer, managing or general agent, but instead it had been mailed to the attorney who had filed two prior motions in the bankruptcy case. When the creditor challenged notice under 7004(b)(3), the Court stated that the creditor had not argued that it had no actual notice, just that the notice did not *technically* comply with the rule. The Court held, "Notice is adequate when it is shown that although a party did not receive formal notice, actual notice was received. *Id*. at *6. The *Fusco* Court relied upon the 6th Circuit precedent in the case of *Creditors Comm. Of Park Nursing Ctr., Inc. v. Samuels*, 766 F.2d 261 (6th Cir. 1985), which cited the Supreme Court's decision in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and reasoned that notice is adequate if reasonably calculated to achieve actual notice. *See also*, *Nationstar Mortg. LLC v. Iliceto*, (*In re Iliceto*), No. 15-81766-CIV-MARRA, 2016 WL 10893969 (S.D. Fla. 2016) (a creditor's due process rights were not violated even when there was evidence of irregularities in the service of certain filings, because creditor conceded that it did have actual notice of the key documents that impacted its status as a secured creditor. Due process requires notice and an opportunity to be heard).

   The *Iliceto* Court relied heavily upon the Supreme Court's decision in *Espinosa*, wherein an arguably illegal provision discharging a debtor's student loan interest was entered into a confirmation order. The order was served upon the creditor, but the Debtor never brought an adversary proceeding to determine dischargeability of the student loan debt. When the student loan carrier attempted to collect the interest from the Debtor after discharge, the Debtor brought suit to enforce the discharge order. Because the Debtor

showed proof that the creditor had received notice of the confirmation order, the Supreme Court stated that the creditor's due process rights had not been violated. They had received the plan and could have objected to it but simply chose not to. *United Student Aid Funds, Inc.v. Espinosa*, 559 U.S 260 (2010).

A rule requiring that a specific individual must be named for notice to be proper would create an undue hardship upon the Debtors in this district as well as the Chapter 13 Trustee, who files hundreds of motions per month using this manner of service. The Court did not take issue with the notice requirements when the Trustee filed the Motion to Disallow. The Court scheduled a hearing on the motion and filed an automated certificate of service of the scheduled hearing, in the same manner upon which the Trustee served the initial motion. This indicates that this Court believed that the Trustee had issued proper notice to the Defendant. In the Middle District, such service of process, as long as it contains the necessary words that describe the individual as an officer, managing or general agent, is sufficient.

The Debtor would further assert that the general address used on the Debtor's bankruptcy petition (and again by the Chapter 13 Trustee in their motion) was the same address that was reported by the Defendant to the credit bureaus as the "bankruptcy specific address." Despite notice of the bankruptcy itself being sent to this address, the Defendant ignored the bankruptcy and failed to file a proof of claim by the claims bar date. As such, the Debtor's counsel filed a proof of claim on the Defendant's behalf as a timely placeholder claim in order to buy the Defendant extra time to amend the claim later and provide necessary documentation to fulfill the requirements of Rule 3001(c) and Rule 3002.1. Despite being provided notice at the "bankruptcy specific address" for both

the Notice of Bankruptcy and the Motion to Disallow, the Defendant failed to file a claim and failed to respond to the Trustee's motion to disallow the claim.

This issue should not be decided on Summary Judgment, because a genuine issue of a material fact still exists pertaining to this issue --- whether the Defendant had actual notice of the bankruptcy and the Trustee's motion. If the Defendant had actual notice, then the Trustee's notice addressed to "Officer, Managing or General Agent" as required by the rules should not be used as an excuse by the Defendant. The Defendant's due process rights have not been violated.

### C. The Defendant's Lien is Void

#### 1. The Claims Process and the Implications of §506(d)

The process for filing a proof of claim is set forth in 11 U.S.C. § 501. A creditor may file a proof of claim pursuant to §501(a), but if they do not file a claim, § 501(c) is triggered, which allows the debtor or the trustee to file the proof of claim. The claims process allows the Debtor, by filing a proof of claim on behalf of a creditor, to haul the creditor into court even when the creditor may prefer to sit out of the process. Fed. R. Bankr.P. 3002 and § 502(b)(9) require a timely claim to be filed as a precondition to allowance in a Chapter 13 bankruptcy. *See United States v. Chavis (In re Chavis)*, 47 F.3d 818 (6th Cir. 1995). An allowed claim is required for a creditor to receive a distribution under the plan. *Still v. Tennessee Dep't of Revenue (In re Rogers)*, 57 B.R. 170 (Bankr. E.D. Tenn. 1986).

The plain language of §506(d) states:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
> (1) Such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

> (2) Such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The two exceptions to §506(d) are inapplicable in the case at bar. This case does not involve a domestic support creditor, and an entity *did* file a proof of claim. The language of §506(d) is clear, that the lien is void for failure to have an allowed secured claim.

The Defendant argues that the Debtor "manufactured a situation in which he filed a skeletal claim that he undoubtedly knew the Trustee would move to disallow, and now that it has been disallowed, wants to be rewarded for such actions by obtaining a free house. This is not the purpose of the bankruptcy code." (Loancare, LLC's Memo for Summary Judgment, Section C). The Debtor refutes that proposition by arguing that the purpose behind Chapter 13 of the bankruptcy code is to allow the Debtor to restructure his debts, to help the Debtor to reorganize his estate and to catch up a delinquent mortgage to avoid foreclosure. The Code very specifically provides that a Debtor can file a proof of claim if the creditor does not do so. *See* § 501(c). The Debtor chose to do just that in this case. The Debtor filed a claim pursuant to Fed. R. Bankr.P. 3004, whereby the Clerk sent notice to the creditor Loancare. Since a claim was filed, the Defendant was directed pursuant to Fed. R. Bankr. P. 3001(c) to comply with certain requirements. The Defendant failed to comply with those requirements and now seeks to be rewarded for their disregard. At no point in time did the Defendant seek to have the claim filed by the Debtor's counsel withdrawn from the record, or to have the order disallowing its claim to be reconsidered. The Defendant simply opted to do nothing. Such inaction has created a fundamental inequity in this case between the rights of the Defendant and the rights of the Debtor, because other creditors have now received more than they would have otherwise received from the plan.

Now that the Debtor's plan has been completed and discharged, the Defendant now seeks to collect on the debt or to foreclose on the Debtor's property which is valued at over $200,000.00 but only encumbered by a lien of about $158,000.00. The Debtor would argue that the purpose behind Chapter 13 bankruptcy has been thwarted if the Defendant is allowed to proceed with such collection and/or foreclosure. The result in this case is that an abundance of harm is bestowed upon the Debtor, such that he might be in a worse-off position than he was in before filing for bankruptcy.

**2. Proof of a Valid Claim Has Not Been Provided**

The Defendant relies very heavily on the case of *In re Oudomsouk*, 483 B.R. 502 (Bankr. M.D. Tenn. 2012), wherein Judge Mashburn made a very limited ruling regarding a similar set of facts. In discussing *Oudomsouk*, it is important to review the case law that Judge Mashburn used to support his decision. The Court relied very heavily on the Chapter 7 bankruptcy case, *Dewsnup v. Timm*, 502 U.S. 410 (1992), for the proposition that a lien can pass through a bankruptcy unaffected. *Dewsnup* has been cited hundreds of times in similar cases such as *Oudomsouk*, but it is important to review *Dewsnup* with regard to its facts and the legislative history leading up to that decision.

*Dewsnup* seemed to revive the Court's ruling in the 1886 Supreme Court decision *Long v. Bullard*, 117 US 617, which held that "a bankruptcy discharge of a secured creditor's claim does not affect the status of the creditor's underlying lien on the Debtor's property." *Id*. at 620-21. The *Long* decision had been put into question when Congress enacted the Bankruptcy Reform Act of 1978, wherein §506(d) was added. *Dewsnup* was a Chapter 7 case wherein a mortgage company filed a claim that exceeded the fair market value of the real property to which its lien attached. The claim filed by the creditor was an

allowed secured claim. The debtor then attempted to use §506(d) as a means to value the lien of the mortgage creditor and reduce the claim to the fair market value of the collateral. The court held that the lien passed through the bankruptcy unaffected, and that §506(d) was limited to circumstances where a claim had been disallowed. *Id*. In other words, §506(d)'s voidance mechanism turns on claim allowance. *See In re Blendheim,* 803 F.3d 477 (9th Cir. 2014). While this, to some, might have been a revival of the *Long* decision after the 1978 reform act, it has a very narrow holding that is only applicable in a situation where a claim has not been disallowed.

The Court in *Oudomsouk* also reviewed three other cases, to which the Defendant has cited in its summary judgment motion, that are inapplicable in the case at bar. *See In re Hamlett*, 322 F.3d 42 (4th Cir. 2003); *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984); *In re Be-Mac Transport Co.*, 83 F.3d 1020 (8th Cir. 1996). In those cases, the underlying claim was late filed and therefore treated as if a claim was never filed. When a claim is filed and objected to; however, disallowance is not automatic—the creditor has a full and fair opportunity to contest the disallowance of its claim. The Defendant must understand that there is a consequence to sleeping on its rights and refusing to defend its claim, and that consequence is codified in §506(d). *See Blendheim* at 491.

Judge Mashburn, in *Oudomsouk*, attempted to reach an equitable resolution to the parties' dispute, and since there was no dispute as to the validity of the lien, the Court ruled that it would reconsider the claim. While the Court declined to reach a verdict on the legal questions that were posed, the Court did come down on the Defendant, who was in the best position to offer a resolution to the claims dispute and did nothing. The Defendant "could have sought withdrawal of the proof of claim pursuant to Fed. R. Bankr.P. 3006; it could

have sought to amend the claim, or could have provided the information to the Debtors to amend; it could have shown proof of perfection to the Trustee prior to the claim being disallowed; and, of course, it could have asked for reconsideration before the Debtors filed this adversary proceeding. *Oudomsouk* at 513.

At the end of the day, Judge Mashburn ruled against allowing the mortgage creditor to sit out of the process, but did not intend the Court's decision "to be used as either a sword or a shield in some other case." *Id*. at 515.

The Defendant also points to the *Shoemake* decision for the proposition that a claim that is disallowed for a procedural ground and not a substantive ground is not a basis for voiding a lien. *Shoemake v. SN Servicing Corp*., 586 B.R. 741 (M.D. Tenn. 2018). The Court in *Shoemake* holds that the lien must have been invalid in substance. Such a holding circumvents the plain language of §506(d), which does not limit the voidance of a lien based on procedural or substantive grounds, but simply states that a claim that is not allowed is void. Furthermore, Chapter 13 Trustee Henry E. Hildebrand, III, in his *amicus curiae* brief in support of the Debtor's position in *Oudomsouk*, disputed the characterization of the grounds for his motion to disallow the claims as merely procedural. He stated,

> Though the proofs of claim filed on behalf of the Defendant were procedurally defective . . . the Trustee's objections were substantive. The Trustee's motions sought disallowance of the claims under § 502(b)(1), on the grounds that the claims, as asserted, were not enforceable. Through compliance with Rule 3001(c) by providing evidence of the asserted creditors' ability to enforce the claims against the Debtors or the Debtors' property might have eliminated the Trustee's substantive objection under § 502(b)(1), that fact does not convert the Trustee's objections to mere procedural objections. The Trustee's objections went to the substantive heart of the matter- whether the asserted creditor in fact held any claims or not.

The *Oudomsouk* case is distinguishable from the instant case because, in that case, there was no question about the validity of the lien and the creditor's right to enforce the lien. The parties were pushing the Court to take a stance on whether a creditor could simply ignore the bankruptcy process, or if an otherwise valid lien could be voided by the Debtors using §506(d) when they had filed an insufficient claim on the creditor's behalf.

**3. The Note provided by the Defendant is Bearer Paper**

The Defendant in the case at bar did not provide proof of any lien against the Debtor's residence until the filing of their summary judgment motion on March 22, 2019. The creditor attached a note, endorsed in blank, along with an affidavit of the Defendant's counsel stating that the note is in his possession as of the date of the filing, March 22, 2019. The Defendant has submitted no proof that the note was in its possession at the time of the bankruptcy filing. Further discovery is necessary and a chain of custody must be established in this case in order for the Defendant to prove that it has standing to enforce any lien whatsoever against the Debtor.

Section 3-205 of the Uniform Commercial Code states that "when indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." This opens up numerous questions regarding when the loan was endorsed in blank, and when the note came into the possession of the Defendant. The Defendant has failed to advise this Court regarding the chain of custody of this note, although an affidavit filed by the Defendant's attorney dated April 22, 2019 states that he is in possession of the original note. The Defendant has not provided sufficient information to determine that it was the true holder of that note at the time of the bankruptcy filing, or more importantly at the time of claim disallowance. Furthermore, Rule 1003 of

the Federal Rules of Evidence bars admission of a photocopy if a genuine question is raised as to its authenticity.

### D. Standing to Enforce the Deed of Trust is Disputed.

In the State of Tennessee, it is established law that a note endorsed in blank is "bearer paper" and whoever possesses it may enforce it. See *Brichant v. Wells Fargo*, 616 F. App'x 786, 789-90 (6th Cir. 2015). Furthermore, the deed of trust follows the note. Whoever owns the note owns the deed. Therefore, when the note passes, the deed of trust automatically passes with it. *Thompson v. Bank of America*, 773 F.3d 741 (6th Cir. 2014). See also, *Jones v. Select Portfolio Servicing, Inc.*, (6th Cir. 2016). Because the Defendant has failed to establish proof that it held the note at the time of the case filing and claim disallowance, the Defendant has also failed to establish that it has the standing to enforce the deed of trust. As such, summary judgment would be improper without establishing further evidence of the chain of custody of the note.

### III. CONCLUSION

The Defendant has failed to meet its burden to establish that there is no genuine issue as to any material fact in this case. With regard to the argument that the Defendant was improperly served the Motion to Disallow its Claim filed by the Chapter 13 Trustee, the Debtor has shown that the Trustee served the plan as required by Fed R. Bankr.P. 7004(b)(3) and that there has been no evidence presented that finds the Defendant had no actual notice of the bankruptcy or the Motion to Disallow its claim. The situation that has resulted from the disallowed proof of claim fits squarely within the language of § 506(d) and therefore the lien of the Defendant is void. The Defendant, further, has failed to meet its burden to prove that there is no issue of material fact with regard to holding a valid lien

against the Debtor's residence as it has failed to prove physical possession of the note, which was endorsed in blank, at the time the Debtor's bankruptcy case was filed and claim disallowed. As such, the Debtor respectfully requests that the Defendant's Motion for Summary Judgment be denied.

Respectfully submitted,
*/s/ Daniel T. Castagna*
Daniel T. Castagna, BPR #22721
Attorney for Debtor
Flexer Law PLLC
1900 Church Street, Ste. 400
Nashville, TN 37203
(615) 255-2893
Email: cm-ecf@jamesflexerconsumerlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on 5/6/2019, I furnished a true and correct copy of the foregoing to the following parties in interest (additional notice sent via electronic mail to Trustee and U.S. Trustee):

| | |
|---|---|
| Henry E. Hildebrand, III<br>Chapter 13 Trustee, P.O. Box 190664<br>Nashville, TN 37219-0664 | Electronic |
| U.S. Trustee<br>318 Customs House, 701 Broadway<br>Nashville, TN 37203 | Electronic |
| Stephen Taylor<br>2606 Mercer Place<br>Thompsons Station, TN 37179 | U.S. mail first class |
| Bret Chaness<br>Attorney for Defendant<br>Rubin Lublin TN, PLLC<br>3145 Avalon Ridge Place. Ste. 100<br>Peachtree Corners, GA 30071 | U.S. mail first class |

I have sent out 4 notices. I have mailed 2 notices.

*/s/ Daniel T. Castagna*
Daniel T. Castagna