IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>STEPHEN JETTON TAYLOR,<br><br>    Debtor. | Case No. 3:17-bk-04932<br>Chapter 13<br>Judge Walker |
| STEPHEN JETTON TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>LOANCARE,<br><br>    Defendant. | Adversary No. 3:18-ap-90060 |

**LOANCARE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION FOR SUMMARY JUDGMENT**

COME NOW, LoanCare, LLC ("LoanCare") and files this Reply to the Plaintiff's Response to its Motion for Summary Judgment, respectfully showing this Honorable Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**A. WHETHER LOANCARE HAD ACTUAL NOTICE OF THE MOTION TO DISALLOW IS IRRELEVANT**

In LoanCare's Motion for Summary Judgment, it argued that the Trustee's Motion to Disallow was not properly served on it, and thus the resulting order is void. The Plaintiff responded that LoanCare never argued it did not have actual notice which would overcome any deficiencies in service of process and that the Trustee properly served the Motion to Disallow. The Plaintiff is wrong on both accounts.

1

First, he argued that adherence to Rule 7004 is essentially optional provided that the affected party received actual notice, and LoanCare did not argue that it never received actual notice. In support of this argument, the Plaintiff relies primarily on *In re Fusco*, an unpublished Bankruptcy Appellate Panel decision from the Sixth Circuit. No. 08-8028, 2008 WL 4298584, 397 B.R. 544 (Table decision) (B.A.P. 6th Cir. Sept. 19, 2008). In *Fusco*, the Court found that non-compliance with Rule 7004 did not impact the proceedings because "notice is adequate when it is shown that although a party did not receive formal notice, actual notice was received." 2008 WL 4298584, at *6 (citing *Creditors Comm. of Park Nursing Ctr., Inc. v. Samuels (In re Park Nursing Ctr., Inc.)*, 766 F.2d 261 (6th Cir. 1985)).

The problem, though, it that *Park Nursing Ctr.* does not stand for this proposition. In *Park Nursing Ctr.*, a creditor argued that former Bankruptcy Rule 704(c)(1), which provided for service of process by first class mail, was unconstitutional "whether notice is received or not." 766 F.2d at 262. The Court then stated that "[t]he question before us is whether Bankruptcy Rule 704(c)(1) permitting service of process by first class mail satisfies the constitutional requirements of procedural due process . . . " in that it was "reasonably [ ] calculated to achieve actual notice." *Id*. It held that it did. *Id.* at 263. In other words, the Court did not hold that actual notice can overcome deficient service of process, but instead that proper service of process by first class mail is constitutional, regardless of actual notice.

Most importantly, the Sixth Circuit has held that "actual notice does not constitute service of process . . . ." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 927 (E.D. Tenn. 2002) (citing *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-56 (6th Cir. 1991)). As stated in *LSJ*, the Sixth Circuit "will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." 167

2

Case 3:18-ap-90060    Doc 37    Filed 10/29/19    Entered 10/29/19 15:23:38    Desc Main
Document    Page 2 of 7

F.3d at 322. Thus, to the extent that *Fusco* holds the opposite, it is plainly incorrect and not in line with binding Sixth Circuit precedent. In order for an order on the Motion to Disallow to be valid, LoanCare must have been properly served under Rule 7004. *See, e.g., In re Hogrobrooks; Hogrobrooks v. Educ. Mgmt. Co.*, No. 98-32476-K, 2006 WL 6630689, at *3 (Bankr. W.D. Tenn. Dec. 6, 2006), *aff'd sub nom. Hogrobrooks v. Texas Guaranteed Student Loan Corp.*, No. 07-2178, 2008 WL 4442543 (W.D. Tenn. Sept. 25, 2008) (collecting cases) (strict compliance with Rule 7004 is required). As set forth in LoanCare's Motion for Summary Judgment, it was not.

The Plaintiff further relies on *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) for the proposition that if a creditor has actual notice, then due process is satisfied. However, *Espionosa* was a challenge to a provision in a confirmed bankruptcy plan. The Plaintiff himself stated that "[b]ecause the Debtor showed proof that the creditor had received actual notice of the confirmation order, the Supreme Court stated that the creditor's due process rights had not been violated." [Doc. 25] at pp. 6-7. Service of bankruptcy plans, though, are not governed by Rule 7004 unless the plan seeks to value a secured claim. *See* Fed. R. Bankr. P. 3012(b). Because the instant case is not about plan confirmation but instead is about a contested matter to which Rule 7004 unquestionably applied, *Espniosa* is inapposite. This Court should find that service of the Motion to Disallow did not comply with Rule 7004.

**B.     THERE IS NO SUBSTANTIVE DEFECT IN THE LIEN THAT WOULD ALLOW IT TO BE VOIDED**

Next, the Plaintiff refutes that he "manufactured a situation in which he filed a skeletal claim that he undoubtedly knew the Trustee would move to disallow, and now that it has been disallowed, wants to be rewarded for such actions by obtaining a free house." *See* [Doc. 25] at p. 9. He argues that he had the right under the rules to file a claim on behalf of the creditor (which

3

he clearly did) and that this shifted a burden to LoanCare "to comply with certain requirements" pursuant to Rule 3001(c). *Id.* Such could not be further from the truth.

Rule 3001(c) sets forth the supporting information that must be attached to a proof of claim. The specific rule regarding debtor-filed claims, Rule 3004, says only that

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

Since Rule 3004 directs that a debtor can file a proof of claim, and Rule 3001 applies to all proofs of claim, Rule 3001(c) applies equally to creditor-filed and debtor-filed claims and requires documentation of the claim to be attached. The Debtor and his attorney were aware of the requirements for proofs of claim, and rather than making even the slightest attempt to comply with Rule 3001(c), attached absolutely nothing to the proof of claim, which was appropriately characterized as "skeletal." *See* [Claim No. 8-1]. Not even the Deed of Trust – a document of public record – was included. This is wholly a situation of the Plaintiff's own making, and any suggestion otherwise is incorrect.

Following the filing of the skeletal claim, the Trustee moved to disallow the claim for failure to "provide information in accordance with Rule 3001(c)" and failure to attached Form 410A regarding the loan history. [Bk. Doc. 32] at p. 1. This Court granted the motion, stating that

> The Court finds that the Trustee's application is uncontested based upon the failure of Loancare to appear at the hearing on this matter. Based upon the evidence submitted by the Trustee, the Court finds that the proof of claim does not document the power of the servicer to enforce the claim in that it does not contain a mortgage note or deed of trust.

[Bk. Doc. 38].

4

As set forth in LoanCare's brief in support of its Motion for Summary Judgment, this was not a disallowance due a substantive defect in the lien, and as such, it cannot result in the lien being disallowed. The only case cited by the Plaintiff that appeared to hold otherwise is *HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 803 F.3d 477 (9th Cir. 2015). However, *Blendheim* is not on point, as explained by a subsequent case from the Ninth Circuit Bankruptcy Appellate Panel. *See In re Lane*, 589 B.R. 399, 409 (B.A.P. 9th Cir. 2018), *appeal pending*, No. 18-60059 (9th Cir.).

In *Lane*, the BAP noted that the claim in *Blendheim* "was challenged on the substantive ground of forgery" which meant that the claim was disallowed based on a substantive defect in the lien. *Id.* at 409-10. "Implicit in *Blendheim*'s analysis is a conclusion that § 506(d) should apply only when a claim disallowance addresses the merits of the underlying debt." *Id.* at 409. The BAP then went on to find in favor of the creditor, whose claim was initially disallowed for lack of standing to enforce the promissory note underlying the deed of trust. *Id.* The BAP found this to be a non-substantive defect and would be an affront to due process if allowed, as it was undisputed that some entity held the note and a court could not void its lien if that party was not before it. *Id.* at 411.

This due process issue is perhaps one of the most important reasons why this Court cannot void the deed of trust at issue. In finding that a claimant lacks standing to enforce a claim and not the claim is invalid in substance, it is implicit in such a finding that there is *some* party out there with standing. This is especially true on a claim based on bearer paper, such as the instant claim. Moreover, the Plaintiff here has never disputed the existence of the mortgage loan – after all, he filed the claim himself. If this Court was to void the lien, it would be "violat[ing] an unknown party's due process rights by expunging its deed of trust without notice and an

5

Case 3:18-ap-90060   Doc 37   Filed 10/29/19   Entered 10/29/19 15:23:38   Desc Main
Document      Page 5 of 7

opportunity to be heard." *Id.* (citing *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870 (9th Cir. B.A.P. 2004)); *see also In re Pinnock*, 594 B.R. 609, 618 (Bankr. S.D.N.Y. 2018). A bankruptcy court "[cannot] void a lien belonging to a party not before it . . . ." *Id.* Quite simply, the disallowance of a proof of claim for lack of standing is not a substantive defect that would allow the lien to be voided, and there is no known case law whatsoever to support the Plaintiff's position. Summary judgment should be granted to LoanCare.

## C.  IT IS IRRELEVANT WHEN LOANCARE OBTAINED THE NOTE

The remainder of the Plaintiff's Response is based on an argument that LoanCare "has submitted no proof that the note was in its possession at the time of the bankruptcy filing" and that "Defendant has failed to establish proof that it held the note at the time of the case filing and claim disallowance . . . ." [Doc. 25] at pp. 13-16. However, the Plaintiff never once explains how this is relevant to his claim or why it matters at all. In fact, LoanCare noted in its brief that it "asserts that such an allegation is not part of a potential lien avoidance under Section 506 . . . ." [Doc. 22] at p. 8. There is no element of a lien avoidance action that says that the defendant must have held the note on the petition date or the date of the claim disallowance. Quite simply, this is a red herring and the Plaintiff's argument should be disregarded. Summary judgment in favor of LoanCare should be granted.

## CONCLUSION

Based on the foregoing, LoanCare respectfully renews its request that this Court grant its Motion for Summary Judgment.

Case 3:18-ap-90060   Doc 37   Filed 10/29/19   Entered 10/29/19 15:23:38   Desc Main
Document      Page 6 of 7

Respectfully submitted, this 29th day of October 2019.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for LoanCare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2019, I caused a copy of the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)