IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: } | |
| } | Case No. 3:17-bk-04932 |
| STEPHEN JETTON TAYLOR } | Chapter 13 |
| SSN: xxx-xx-1340 } | |
| } | Judge Charles M. Walker |
| Debtor, } | |
| Stephen Jetton Taylor, } | |
| Plaintiff/Appellant, } | |
| v. } | Adv. Proc. No. 3:18-ap-90060 |
| Loancare, Inc. } | |
| Defendant. } | |

**JOINT MOTION TO VACATE SUMMARY JUDGMENT OPINION AND ORDER**

Comes now jointly the Debtor, Stephen Jetton Taylor and the Defendant, Loancare, Inc., by and through their respective Counsel, and, pursuant to Rule 9024 of the Fed. R. Bankr. P., hereby request an order vacating the Court's Summary Judgment Opinion and Order, filed on November 4, 2020.

As grounds, the parties would state that the Debtor filed an Adversary Proceeding against the Defendant to determine the validity, priority or extent of their lien on the Debtor's real property. The Defendant filed a Motion for Summary Judgment on April 22, 2019. The Plaintiff filed a Brief in Opposition to the Summary Judgment Motion. The matter came before the Court on November 5, 2019. On November 4, 2020, the Court

ruled in favor of Summary Judgment for the Defendant and entered a Memorandum Opinion in support of this decision. The Debtor promptly appealed this decision to the Bankruptcy Appellant Panel of the Sixth Circuit, and was assigned case number 20-8036. The parties entered into court-ordered Mediation of the matter prior to hearing on the appeal, and have settled the matter. The Appeal was voluntarily dismissed by stipulation of both parties on June 30, 2021.

The Parties hereby request that the Court vacate the order and Memorandum Opinion, entered on November 4, 2020. As grounds, the Parties would state:

1. The parties have, through mediation, entered into a Settlement Agreement that settles the dispute. The settlement, which has been approved by this Court by order dated June 10, 2021, states that the Debtor will sell the property. If the Debtor sells the property within 120 days of the effective date of the settlement, then the Defendant will reduce the outstanding interest due and owing on the loan at the time of the payoff by $10,000.00. If the Defendant does not receive a payoff of the loan by the deadline, then the Debtor will not be entitled to this reduction. The Debtor will also pay his attorney fees to Flexer Law in the amount of $5,000.00 upon the closing of the real estate transaction, for the work performed in the Adversary Proceeding and resulting Appeal.

2. As this dispute has now been settled by amicable agreement between the parties, the Summary Judgment opinion has been rendered moot. As such, the Parties request that the Court vacate the opinion.

3. The Plaintiff contends that the Court, in the Memorandum Opinion, incorrectly stated several important facts of this case, and therefore misapplied the law in regard to these facts.

    a. The Court ruled that the Defendant had no actual notice of the Trustee's motion, despite the failure of the Defendant to ever make such an assertion. The Defendant never, in any of the written materials or verbally in the hearing, stated whether they had any actual notice of the pleadings. The Court's blanket ruling that the Defendant had no notice was misplaced and unsubstantiated.

    b. The Court referenced the "negative notice" procedures of Local Rule 9013-1 and whether this affects a party's due process rights. The notice at issue was not served under Rule 9013, but was a Rule 9014 motion served by the Chapter 13 Trustee to the attention of "Officer, Managing or General Agent." The Court infers that the Debtor's Counsel was the responsible party for serving the motion to disallow in this case. The Court unfairly characterized and lambasted Debtor's Counsel in regard to this matter, by incorrectly asserting that Flexer Law had argued that "the firm takes countless cases and cannot effectively service its client by taking the time to serve each creditor by naming specific individuals." The failure of the Court to apply the correct standards of a 9014 motion and to identify the correct party who served the motion (the Chapter 13 Trustee) should constitute sufficient grounds to vacate the order.

4. Since the opinion, the Bankruptcy Rules have changed and now require secured creditors to file a proof of claim with no opt out provision, meaning that this set of facts should no longer plague the bankruptcy system.

5. The Facts of this case are very distinct and the ruling will be of limited effect to future cases.

WHEREFORE, both Parties hereby request that the Court vacate the order and Memorandum Opinion in light of the foregoing and the settlement of this dispute between the parties.

Respectfully submitted,

| | |
|---|---|
| /s/ *Daniel Todd Castagna* | /s/ *Bret Jacob Chaness* |
| Daniel Todd Castagna (BPR # 22721) | Bret Jacob Chaness (BPR # 31643) |
| Attorney for Appellant Stephen J. Taylor Inc. | Attorney for Respondent Loancare, |
| Flexer Law PLLC | Rubin Lublin TN, PLLC |
| 1900 Church Street, Ste. 400 | 3145 Avalon Ridge Place, Ste. 100 |
| Nashville, TN 37203 | Peachtree Corners, GA 30071-1570 |
| (615) 255-2893 telephone | (678) 281-2730 telephone |
| (615) 242-8849 facsimile | (404) 921-9013 facsimile |
| dan@flexerlaw.com | bchaness@rubinlublin.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 1 day of September, 2021, I have caused a true and correct copy of the foregoing to be sent by electronic delivery to all parties consenting to service through the Court's CM/ECF system and by U.S. Mail, postage pre-paid, to the following:

| | |
|---|---|
| Henry E. Hildebrand, III<br>Office of the Chapter 13 Trustee<br>1800 Church Street, Suite 200<br>Post Office Box 340019<br>Nashville, Tennessee 37203 | Electronic |
| United States Trustee<br>Office of the United States Trustee<br>701 Broadway, Suite 318<br>Nashville, Tennessee 37203-3966 | Electronic |
| Stephen Jetton Taylor<br>2606 Mercer Place<br>Thompsons Station, TN 37179 | U.S. Mail First Class |