Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2022



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO: 3:17-bk-04932 |
| STEPHEN JETTON TAYLOR | ) | Chapter 13 |
| | ) | Honorable Charles M. Walker |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHEN JETTON TAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No: 3:18-ap-90060 |
| | ) | |
| LOANCARE, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING JOINT MOTION TO VACATE
SUMMARY JUDGMENT OPINION AND ORDER**

This matter is before the Court on the Joint Motion to Vacate Summary Judgment

Opinion and Order (ECF 66). On November 4, 2020, this Court issued its Memorandum Opinion

("Opinion" – ECF 41) in this case. The Opinion supported the Court's Order granting summary

judgment in favor of the Defendant. (ECF 42) The Opinion also referred to circumstances and

issues that led to the controversy and posture of this case. The Plaintiff appealed this Court's

decision to the Bankruptcy Appellate Panel of the Sixth Circuit (ECF 48). Six months after filing

the appeal, the parties filed a motion to compromise – presumably pursuant to Federal Rule of

Civil Procedure 62.1 requesting this Court approve a settlement of a matter that is on appeal.

Now, the parties have jointly requested that this Court vacate the Order and Opinion.

1

The parties request contains five delineated reasons the Court should vacate its Opinion and Order in this adversary proceeding. They are:

1) The parties have settled.

2) Because the parties have settled, the opinion has been rendered moot.

3) The Court stated the facts incorrectly causing it to misapply the law.

4) This set of facts should "no longer plague the bankruptcy system since the Bankruptcy Rules have changed."

5) The ruling will be of limited effect due to the distinct nature of the facts of this case.

Unfortunately, the parties have failed to provide any analysis or legal authority to support their request. Although this adds to the Court's burden in considering the relief, it does not render the task impossible. Presumably, the movants have included the entirely of their position and argument in their pleading. However, the failure to include any authority or analysis does not prevent the Court from conducting its own analysis of the issue.

Vacatur is only appropriate in exceptional circumstances when a ruling is rendered moot through circumstances not of the parties making. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partn.*, 513 U.S. 18, 24 (1994), citing *U.S. v. Hamburg–Amerikanische,*, 239 U.S. 466, 478, 36 S.Ct.212, 217 (threshold consideration is whether the party seeking relief from the judgment below caused the mootness by voluntary action). Vacatur is not and should not be the automatic sequel to settlement obtained while a matter is on appeal. "[W]here mootness results from settlement" rather than " 'happenstance,' " the "losing party has voluntarily forfeited his legal remedy ... [and] thereby surrender[ed] his claim to the equitable remedy of vacatur." 513 U.S., at 25, 115 S.Ct. 386. "Vacatur is in order when mootness occurs through happenstance— circumstances not attributable to the parties—or ... the 'unilateral action of the party who

2

prevailed in the lower court.' " *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 71–72, 117

S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall*

*P'ship,* 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)). "Whether any opinion should

be vacated on the basis of mootness is an equitable question." *Coal. for Gov't Procurement v.*

*Fed. Prison Indus., Inc.,* 365 F.3d 435, 484 (6th Cir. 2004) "[V]acatur is an 'extraordinary

remedy,' and it is '[Appellants'] burden, as the party seeking relief from the status quo of the

[lower court] judgment, to demonstrate ... equitable entitlement' to vacatur." *Blankenship v.*

*Blackwell*, 429 F.3d 254, 258 (6th Cir. 2005) (quoting *U.S. Bancorp Mortgage Co.*

*v. Bonner Mall Partnership,* 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)).

 In other words, vacatur is generally appropriate to avoid entrenching a decision rendered

unreviewable through no fault of the losing party. *Stewart v. Blackwell*, 473 F.3d 692, 693 (6th

Cir. 2007). That is not the case here.

      While on appeal to the Bankruptcy Appellate Panel, the parties negotiated a settlement.

This is not the requisite "happenstance" referred to by the Supreme Court in *Bonner Mall, 513*

*U.S. at 26*. No outside force or third party rendered this Court's ruling moot. Settlement was an

action voluntarily taken by the parties. Therefore, the eventual settlement of this case does not

provide a basis for vacatur.

      The parties also rely on a perceived misapplication of facts. What is actually mentioned

in the motion is this Court's reference to actions and rulings in the main bankruptcy case that led

to the set of facts in this adversary. These references were made to provide background for the

adversary and were not utilized as an actual basis for the ruling. The matters in the main case had their own rulings, none of which were disturbed by the Opinion and Order.[1]

Moreover, the Court's observations regarding the unofficial and common practices in this District were in the form of dictum, not ruling. The ruling in this case refers to those matters in the main case, but distinctly states that nothing in the main case will be vacated, reversed, or otherwise disrupted. A "holding" is "[a] court's determination of a matter of law pivotal to its decision." *United States v. Hardin*, 539 F.3d 404, 438 (6th Cir. 2008) (Batchelder, J., concurring in part and dissenting in part) (citing Black's Law Dictionary (8th ed. 2004)). And dictum is anything "not necessary to the determination of the issue . . ." *United States v. Swanson*, 341 F.3d 524, 530 (6th Cir. 2003).

The Court appropriately used the vehicle of its Opinion to describe and analyze practices which led to this dispute in this case. It then went on to rule on the controversy before it. This is a common format to provide explanation and context for a set of circumstances addressed in an opinion and give clarity to a complex situation.

As for the effect this ruling will have on the bankruptcy system, it appears that has already come to fruition. The movants refer to the fact that the Federal Rules of Bankruptcy Procedure ("Rules") have changed in light of circumstances such as these and, therefore this Opinion and Order are no longer needed and somehow now burden the bankruptcy system. However, erasing the basis for change would be futile and serve no purpose. History is history and vacating the Opinion and Order will not change that. Moreover, the Rules have obviously relieved any burden that may have existed.

---

[1] The Court did not rule on the notice of the Trustee's motion – a motion filed in the main case and previously Granted in the main case. The Court opined as to the custom of serving such motions in this district, including the procedures typically associated with Local Rule 9013-1.

This case was adjudicated on summary judgment. The parties fully briefed and argued their positions and the Court ruled, affording the parties the benefit of an opinion explaining its ruling. After the order granting summary judgment in favor of the Defendant became final, the Plaintiff appealed the decision. While the appeal was pending, the parties entered into a settlement agreement that was subsequently approved by this Court. Nowhere in that agreement, or in the motion seeking this Court's approval of the agreement, did the parties indicate that a condition of the agreement was that the Opinion issued by this Court be vacated – not to imply that such a term in a settlement agreement is binding on a Court – but to point out that vacatur as an afterthought of this settlement serves no purpose.

The Court declines the invitation to exercise *damnatio memoriae*.[2] The history of our bankruptcy system lies in its case law, providing bases for the statutes and Rules that govern our practice. Therefore, the Joint Motion to Vacate Summary Judgment Opinion and Order is DENIED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS**
**INDICATED AT THE TOP OF THE FIRST PAGE**

---

[2] *Damnatio memoriae* is a Latin practice or phrase that means "condemnation of memory." "[D]ocuments with . . . covenants that we now find offensive, morally reprehensible, and repugnant cannot be subject to *damnatio memoriae*, as those documents are part of our living history and witness to the evolution of our cultural norms". *Mason v. Adams County Recorder*, 901 F.3d 753, 757 (6th Cir. 2018) !

.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

5

Case 3:18-ap-90060   Doc 70   Filed 02/14/22   Entered 02/14/22 09:56:19   Desc Main
Document     Page 5 of 5